## V. CONCLUSION

An accompanying Order will be entered.

**Beth COURNOYER, Plaintiff,**

v.

**RCI, LLC, Defendant.**

**Civil Action No. 15–8397 (PGS/LHG)**

United States District Court,
D. New Jersey.

Signed December 23, 2015

William J. Pinilis, Pinilis Halpern, Morristown, NJ, for Plaintiff.

**ORDER DENYING DEFENDANT'S REQUEST FOR REALLOCATION**

JEROME B. SIMANDLE, Chief United States District Judge

This matter comes before the Court by way of Defendant RCI, LLC's (hereinafter, "*RCI*") contested motion to

reallocate this case from the Trenton Vicinage to the Newark Vicinage pursuant to Local Civil Rule 40.1(e) [1] [*see* Docket Item 3];[2] and the Court noting that on March 31, 2014, the Honorable Peter G. Sheridan, U.S. District Judge, denied a motion for class certification in an action entitled *Barton v. RCI, LLC*, 2011 WL 3022238 (D.N.J. July 22, 2011);[3] and the Court further noting that Plaintiff Beth Cournoyer (hereinafter, "Plaintiff") identifies herself as a member of the putative *Barton* class, and seeks to assert claims individually against RCI, in light of Judge Sheridan's decision not to allow these claims to proceed on a class-wide basis (*see* Compl. at ¶ 1);[4] and the Court finding that the relatedness of this action to *Barton*,[5] coupled with Judge

Sheridan's distinct familiarity with the factual underpinnings for Plaintiff's claims (and the similar claims asserted in the related *RCI* actions), counsel against reallocation, despite the fact that RCI resides in a county over which the Newark vicinage would ordinarily receive assignment, *see* Local Civil Rule 40.1(a);[6] and for good cause shown;

IT IS this **23rd** day of **December**, 2015 hereby

**ORDERED** that Defendant's motion for reallocation [Docket Item 3] shall be, and hereby is, **DENIED.**

1. Local Civil Rule 40.1(e) states that the disposition of any request for reallocation "shall be upon order of the Chief Judge."

2. Counsel for Plaintiff has filed three additional civil actions, (1) *Boyenger v. RCI, LLC*, Civil Action No. 3:15-cv-07789 (filed on October 29, 2015); (2) *Nowlin v. RCI, LLC*, Civil Action No. 3:15-cv-07997 (filed on November 9, 2015); and (3) *Tuhowski, v. RCI, LLC*, Civil Action No. 3:15-cv-08396 (filed on December 1, 2015), all of which, like this case, have been assigned to Judge Sheridan (hereinafter, the "related RCI actions"). In its papers, RCI claims that the circumstances of the related RCI actions equally favor reallocation, but states it will rely upon the Court's decision in this action, in determining whether to seek reallocation of these additional cases. (*See* RCI's Br. at 1 n.1.) Given the substantive similarities between all of the RCI actions (and the identity of counsel in all cases), the Court will address the pending motion as if filed in all of the pending actions.

3. Although the arguments advanced by RCI in the pending motion would appear to apply equally to the *Barton* action, RCI did not seek reallocation of that action, which proceeded (for nearly 5 years) on the merits before Judge Sheridan.

4. The plaintiffs in the related RCI actions make identical representations concerning

the basis for their claims. (*See, e.g., Tuhowski* Compl. at ¶ 1.)

5. Local Civil Rule 40.1(c) provides, in relevant part, that when a civil action "grows out of the same transaction as any case already pending in this Court ... such action shall [ordinarily] be assigned to the same Judge to whom the pending related action is assigned." Although Plaintiff filed her Complaint in this action on December 1, 2015, after Judge Sheridan dismissed *Barton* with prejudice, counsel filed the first related RCI action, *Boyenger v. RCI, LLC*, Civil Action No. 3:15-cv-07789, prior to this dismissal. Beyond this, Judge Sheridan's lengthy involvement in the *Barton* action—an action from which the related *RCI* actions all arise—invariably provided him with a unique knowledge of the disputed issues of fact and law.

6. Local Civil Rule 40.1(a) specifically provides that civil actions shall be allocated through consideration of "the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose." This analysis must, however, also account for the efficient "administration of justice." *Spagnola v. City of Patterson*, No. 07–1813, 2009 WL 2448496, at *1 (D.N.J. Aug. 10, 2009). Here, the efficient administration of justice favors the continued assignment of these actions to Judge Sheridan, for the reasons stated above.